# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CLIFFORD W. JONES, SR.,
          Appellant,

v.

DEPARTMENT OF HEALTH AND
   HUMAN SERVICES,
          Agency.

DOCKET NUMBER
CH-0432-13-1527-I-2

DATE: August 7, 2015

# THIS ORDER IS NONPRECEDENTIAL[1]

Clifford W. Jones, Sr., Cass Lake, Minnesota, pro se.

Jennifer M. Cassell, Esquire, and Craig Herkal, Chicago, Illinois, for the
   agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed as untimely his refiled appeal of his removal. For the reasons discussed below, we REVERSE the initial decision and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

¶2      The appellant filed an individual right of action (IRA) appeal in 2010, which the parties settled. The administrative judge entered the agreement into the Board's record for enforcement purposes and dismissed the appeal on that basis. *Jones v. Department of Health & Human Services*, MSPB Docket No. CH-1221-12-1030-W-1, Initial Decision (Nov. 16, 2010). That decision became a final Board decision when neither party filed a petition for review.

¶3      On May 20, 2011, the agency removed the appellant for unacceptable performance. On appeal, he alleged reprisal for whistleblowing and the administrative judge docketed the appeal as another IRA appeal. The administrative judge dismissed the appeal for lack of jurisdiction based on the conclusory nature of the appellant's allegations. *Jones v. Department of Health & Human Services*, MSPB Docket No. CH-1221-12-0125-W-2, Initial Decision (Oct. 12, 2012). On the appellant's petition for review, the Board agreed with the administrative judge that it lacked jurisdiction over the IRA appeal, but it found that the appellant was entitled to review of his removal under 5 U.S.C. chapter 43. *Jones v. Department of Health & Human Services*, MSPB Docket No. CH-1221-12-0125-W-2, Final Order (July 25, 2013). The Board forwarded the matter to the regional office for docketing as a removal appeal. *Jones v. Department of Health & Human Services*, MSPB Docket No. CH-0432-13-1527-I-1.

¶4      During adjudication of the removal appeal, the appellant filed a motion for judgment as a matter of law and summary judgment on the basis that the agreement that resolved his IRA appeal settled the performance improvement plan (PIP) that provided support for the removal. The administrative judge denied the appellant's motion but directed him to file a petition for enforcement if he believed the agency had breached the settlement agreement.

¶5      The appellant did file such a petition. *Jones v. Department of Health & Human Services*, MSPB Docket No. CH-1221-10-1030-C-1. While that petition was pending before the Board, the appellant requested that his removal appeal be dismissed without prejudice pending a final decision in the compliance appeal.

The administrative judge agreed and dismissed the removal appeal without prejudice to the appellant's right to refile within 30 days after a final decision was rendered in the compliance appeal, or by February 26, 2014, whichever occurred first. *Jones v. Department of Health & Human Services*, MSPB Docket No. CH-0432-13-1527-I-1, Initial Decision (Nov. 20, 2013).

¶6      Subsequently, the administrative judge denied the appellant's petition for enforcement. *Jones v. Department of Health & Human Services*, MSPB Docket No. CH-1221-10-1030-C-1, Compliance Initial Decision (Jan. 15, 2014). On petition for review, the Board affirmed the compliance initial decision and found that the appellant had not shown good cause for his untimely raising of the validity of the settlement agreement issue. *Jones v. Department of Health & Human Services*, MSPB Docket No. CH-1221-10-1030-C-1, Final Order, ¶¶ 9, 12 (Aug. 4, 2014).

¶7      The regional office docketed the refiled removal appeal as of August 4, 2014, the date of the Board's final order in the compliance matter. *Jones v. Department of Health & Human Services*, MSPB Docket No. CH-0432-13-1527-I-2, Initial Appeal File (IAF), Tabs 1, 2. The administrative judge[2] dismissed the appeal as untimely filed on the basis that the appellant did not refile it by February 26, 2014, the earlier of the two dates provided in the administrative judge's initial decision dismissing the removal appeal without prejudice to refile. IAF, Tab 6, Initial Decision (ID) at 4. The administrative judge further found that the appellant failed to show good cause for the untimely refiling of his removal appeal. ID at 4-6.

¶8      The appellant has filed a petition for review, Petition for Review File, Tab 1, to which the agency has responded in opposition. *Id.*, Tab 3.

¶9      In its final order on the appellant's petition for enforcement, the Board addressed the matter of the refiling of the appellant's appeal of his removal. The

---

[2] The administrative judge assigned to the appellant's removal appeal was a different administrative judge than the one who adjudicated the compliance appeal.

Board found that, in his petition for enforcement filed on September 24, 2013, he argued that, by relying on the PIP to support his removal, the agency denied him due process and arbitrarily removed him from service, and that he subsequently claimed that his removal was "predetermined" and discriminatory based on his age and sex. *Jones v. Department of Health & Human Services*, MSPB Docket No. CH-1221-10-1030-C-1, Final Order, ¶ 13. The Board further found that, "under the particular circumstances of this case," and even though the appellant's pleading was self-styled as a petition for enforcement, he "acted **timely** in attempting to use the Board's appellate processes to pursue his removal appeal, in accordance with the administrative judge's order" (emphasis added). The Board forwarded the appellant's removal appeal to the regional office for adjudication. *Id.*, ¶ 14.

¶10     Because the Board previously found in a final order that the appellant timely sought review of his removal, that issue was resolved, and the administrative judge's dismissal of the appeal as untimely must be reversed.

## ORDER

For the reasons discussed above, we REMAND this case to the regional office for adjudication on the merits of the appellant's removal in accordance with this Remand Order.


FOR THE BOARD:          _____
                        William D. Spencer
                        Clerk of the Board

Washington, D.C.